UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

YURY SHADRIN, et al.,

                  Plaintiffs,

      v.

STUDENT LOAN SOLUTIONS, LLC, et al.,

                  Defendants.

Case No. 1:20-cv-03641-CCB

**DEFENDANT STUDENT LOAN SOLUTIONS, LLC'S ANSWER AND
AFFIRMATIVE <u>DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

NOW COMES Defendant Student Loan Solutions, LLC ("SLS"), by and through counsel, and hereby responds to Plaintiffs Yury Shadrin's ("Shadrin") and Tania Burinskas' ("Burinskas") (collectively "Plaintiffs") First Amended Class Action Complaint ("Amended Complaint"), with its Answer and Affirmative Defenses as follows, denying all allegations except as expressly admitted herein:

**<u>RESPONSE TO INTRODUCTION</u>**

1.      SLS craves reference to the statutes cited in the preliminary paragraph before paragraph 1 and in paragraph 1, and denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in the preliminary paragraph before paragraph 1 and in paragraph 1.

2.      SLS denies the allegations in paragraph 2.

3.      SLS craves reference to the text of the cited website in paragraph 3, and denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 3.

4.      SLS craves reference to the cited statute in paragraph 4, and denies any attempts by

Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 4.

5.      SLS admits only that it has been sued based on various allegations but denies the veracity of those allegations.  SLS denies the remaining allegations in paragraph 5.

6.      The documents referenced in paragraph 6 speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 6.

7.      SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.      SLS admits named Plaintiffs incurred student loans owed to Bank of America, N.A. ("BOA").  SLS admits it purchased a portfolio of loans from BOA and that named Plaintiffs' loans were in the portfolio.  SLS denies the remaining allegations in paragraph 8.

9.      SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

## RESPONSE TO PARTIES

10.     The allegations in paragraph 10 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.     The allegations in paragraph 11 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.     SLS admits it is a South Carolina limited liability company.  SLS admits it is

registered to do business as a foreign limited liability with the Maryland State Department of Assessments and Taxation.  SLS admits it has a collection agency license issued by the Maryland Department of Labor.  SLS admits it maintains a registered agent in Maryland.  The remaining allegations in paragraph 12 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies those allegations.

13.     SLS admits it owns a portfolio of student loans upon which the borrowers have defaulted.  SLS admits it seeks to have borrowers repay money they borrowed and promised to repay.  SLS denies the remaining allegations in paragraph 13.

14.     SLS admits it has filed lawsuits to recover obligations upon which borrowers have defaulted and that those lawsuits have been filed in different counties in Maryland.  The pleadings and documents filed in the referenced lawsuits speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 14.

15.     SLS admits that borrowers had stopped making payments on the loans at issue at the time SLS acquired those loans.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16.     The allegations in paragraph 16 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     The allegations in paragraph 17 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those

allegations.

## RESPONSE TO JURISDICTION AND VENUE

18.      SLS admits the allegations in paragraph 18.

19.      The allegations in paragraph 19 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS admits this Court has jurisdiction.

20.      The allegations in paragraph 20 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS admits this Court has jurisdiction and that venue is proper.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies those allegations.

## RESPONSE TO FACTS SPECIFIC TO THE PLAINTIFFS

21.      The allegations in paragraph 21 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22.      The allegations in paragraph 22 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23.      The allegations in paragraph 23 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24.      The allegations in paragraph 24 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS admits that, under certain circumstances, it

may fall under the definition of "debt collector" as that term is defined in the Fair Debt Collection Practices Act ("FDCPA").  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25.     The allegations in paragraph 25 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26.     The allegations in paragraph 26 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.     SLS craves reference to the text of the cited bulletin in paragraph 27, and denies any attempt by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 27.

28.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     The allegations in paragraph 29 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS denies the allegations in paragraph 29.

30.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33.     SLS admits Defendant Williams & Fudge, Inc. ("WFI") sent notices on its behalf. The notices speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     SLS admits WFI sent notices on its behalf to named Plaintiffs in 2019.  SLS admits it filed lawsuits against named Plaintiffs but denies that the loans at issue were time-barred.  SLS denies the remaining allegations in paragraph 36.

37.     SLS denies that there was any "scheme" and further denies that named Plaintiffs were subjected to any "scheme."

    a.   SLS admits it acquired certain loans from BOA in October of 2017.

    b.   The documents identified in paragraph 37, subparagraph b speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS admits WFI sent notices to named Plaintiffs on its behalf.  SLS denies the remaining allegations in paragraph 37, subparagraph b.

    c.   SLS admits to providing certain affidavits.  The affidavits speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS denies the remaining allegations in paragraph 37, subparagraph c.

    d.   The allegations in paragraph 37, subparagraph d are not directed to SLS and therefore no response is required.  To the extent a response is required, SLS admits it retained Defendant Feldman & Associates, P.C. ("Feldman") with

respect to certain obligations owed to SLS. SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, subparagraph d and therefore denies those allegations.

38.     SLS denies the allegations in paragraph 38.

39.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.     SLS denies that the referenced letters can accelerate a loan and denies that the referenced letters accelerated the loans at issue. SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     SLS admits it did not compute interest on Plaintiffs' accounts. SLS denies that Plaintiffs' accounts were time-barred. SLS denies the remaining allegations in paragraph 41.

42.     SLS admits it sought the portion of the principal balance that was within the statute of limitations. SLS denies the remaining allegations in paragraph 42.

43.     SLS denies the allegations in paragraph 43.

44.     SLS admits Shadrin obtained a loan from BOA. The loan documents speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies those allegations.

45.     The loan documents speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     The loan documents speak for themselves and SLS denies any attempts by Plaintiffs

to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     SLS admits Shadrin made certain payments towards the balance of the loan.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies those allegations.

49.     SLS admits BOA charged-off the loan in 2015.  The remaining allegations in paragraph 49 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.     SLS denies the allegations in paragraph 50.

51.     SLS admits the letter attached as Exhibit A speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of remaining allegations in paragraph 51 and therefore denies those allegations.

52.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies those allegations.

53.     SLS admits it filed the cited case by and through Feldman.  The pleadings speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 53.

54.     The pleadings in the referenced case speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 54.

55. The pleadings in the referenced case speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS denies the remaining allegations in paragraph 55.

56. SLS denies that there is a "scheme" and denies that the loan in question was accelerated in 2016. The letter referenced speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS denies the remaining allegations in paragraph 56.

57. SLS admits the document attached as Exhibit B speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS denies the remaining allegations in paragraph 57.

58. SLS admits the document attached as Exhibit B speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS denies the remaining allegations in paragraph 58.

59. SLS admits the documents attached as Exhibits B and C speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 and therefore denies those allegations.

60. SLS denies the allegations in paragraph 60.

61. SLS admits the document attached as Exhibit C speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS denies the remaining allegations in paragraph 61.

62. The allegations in paragraph 62 constitute conclusions of law to which no response is required. To the extent a response is required, the documents filed in the referenced case and attached as Exhibit D speak for themselves and SLS denies any attempts by Plaintiffs to interpret

or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and therefore denies those allegations.

63.     SLS denies the allegations in paragraph 63 to the extent they allege or imply wrongdoing by SLS.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and therefore denies those allegations.

64.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.

65.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies those allegations.

66.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.

67.     SLS denies that the loan was time-barred.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68.     SLS denies the allegations in paragraph 68.

69.     SLS admits Burinskas obtained two loans from BOA.  The loan documents speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and therefore denies those allegations.

70.     The loan documents speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 and therefore denies those allegations.

71.     The loan documents speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in paragraph 71 and therefore denies those allegations.

72.     The loan documents speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of remaining allegations in paragraph 72 and therefore denies those allegations.

73.     The loan documents speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 and therefore denies those allegations.

74.     SLS admits the document attached as Exhibit E speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 and therefore denies those allegations.

75.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies those allegations.

76.     SLS admits the document attached as Exhibit F speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 and therefore denies those allegations.

77.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies those allegations.

78.     SLS admits the letters attached as Exhibit G speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 78.

79.     SLS admits the letters attached as Exhibit H speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining

allegations in paragraph 79.

80.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies those allegations.

81.     SLS denies the allegations in paragraph 81 to the extent they allege or imply wrongdoing by SLS.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 and therefore denies those allegations.

82.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies those allegations.

83.     SLS admits the pleadings in the referenced cases speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and therefore denies those allegations.

84.     The loan documents speak for themselves and SLS denies any attempts by Plaintiff to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 84.

85.     The allegations in paragraph 85 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore denies those allegations.

86.     SLS admits the referenced lawsuits were filed by Feldman on SLS' behalf.  The pleadings in those lawsuits speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 86.

87.     The documents filed in the referenced case and attached as Exhibit I speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies that there was a prior acceleration.  SLS lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in paragraph 87 and therefore denies those allegations.

88.     The documents filed in the referenced case and attached as Exhibit J speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies that there was a prior acceleration.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 and therefore denies those allegations.

89.     The allegations in paragraph 89 constitute conclusions of law to which no response is required.  To the extent a response is required, the documents filed in the referenced case speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in paragraph 89.

90.     SLS denies it has engaged in any "illegal debt collection actions."  SLS denies that any potential bona fide error defense is unavailable.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 and therefore denies those allegations.

91.     SLS denies the allegations in paragraph 91.

65.     SLS admits the allegations in the second paragraph 65.[1]

66.     The referenced document speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in the second paragraph 66.

67.     SLS admits it received certain Loan Documents from BOA.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second

---

[1]     For unknown reasons, the numbering in Plaintiffs' Amended Complaint starts over again at "65".  For ease of review, SLS has retained the numbering set forth in Plaintiffs' Amended Complaint.

paragraph 67 and therefore denies those allegations.

68.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph 68 and therefore denies those allegations.

69.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph 69 and therefore denies those allegations.

70.     The documents referenced speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  The remaining allegations in the second paragraph 70 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 70 and therefore denies those allegations.

71.     The allegations in the second paragraph 71 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph 71 and therefore denies those allegations.

72.     The allegations in the second paragraph 72 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph 72 and therefore denies those allegations.

73.     SLS denies the allegations in the second paragraph 73.

74.     SLS denies the allegations in the second paragraph 74.

75.     SLS denies the allegations in the second paragraph 75.

76.     The documents referenced in the second paragraph 76 speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in the second paragraph 76.

77.     SLA admits the document attached as Exhibit B speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS admits Shadrin owes the cited balance.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 77 and therefore denies those allegations.

78.     SLS admits WFI generated an acceleration notice for it for the obligation owed by Shadrin but denies that the notice is "bogus."  The notice speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the remaining allegations in the second paragraph 78.

79.     The documents identified in the second paragraph 79, including subparagraphs a through d of the second paragraph 79, speak for themselves and SLS denies any attempts by Plaintiff to interpret or paraphrase the same.  SLS admits certain documents were filed in certain lawsuits.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 79, including subparagraphs a through d, and therefore denies those allegations.

80.     SLS denies the allegations in the second paragraph 80.

81.     SLS denies the allegations in the second paragraph 81 to the extent they allege or imply wrongdoing by SLS.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 81 and therefore denies those allegations.

82.     SLS denies the allegations in the second paragraph 82.

83.     SLS denies the allegations in the second paragraph 83.

84.     The loan documents speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 84 and therefore denies those

allegations.

85.     SLS admits it received certain information about certain loans from BOA.  SLS

denies the remaining allegations in the second paragraph 85.

86.     The loan documents speak for themselves and SLS denies any attempts by Plaintiffs

to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in the second paragraph 86 and therefore denies those

allegations.

87.     SLS admits the document attached as Exhibit K speaks for itself and SLS denies

any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 87

and therefore denies those allegations.

88.     SLS admits the document attached as Exhibit K speaks for itself and SLS denies

any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 88,

including subparagraph a, and therefore denies those allegations.

89.     SLS admits the document attached as Exhibit D speaks for itself and SLS denies

any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 89

and therefore denies those allegations.

90.     SLS admits the document attached as Exhibit D speaks for itself and SLS denies

any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 90

and therefore denies those allegations.

91.     The documents referenced in the second paragraph 91 speak for themselves and

SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second paragraph 91 and therefore denies those allegations.

92.      The documents referenced in paragraph 92 speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 and therefore denies those allegations.

93.      The document referenced in paragraph 93 speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies that the acceleration letter was "bogus."  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 and therefore denies those allegations.

94.      SLS admits the document attached as Exhibit L speaks for itself and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 and therefore denies those allegations.

95.      SLS denies the allegations in paragraph 95.

96.      The documents referenced in paragraph 96 speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies the allegations in paragraph 96 to the extent they allege or imply wrongdoing by SLS.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96 and therefore denies those allegations.

97.      SLS admits it filed certain lawsuits to collect certain installments and amounts within the applicable statute of limitations.  SLS denies it has any obligation to send installment notices.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 97 and therefore denies those allegations.

98.    SLS denies the allegations in paragraph 98 to the extent they allege or imply wrongdoing by SLS or that Plaintiffs possess any viable claims or class claims.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 and therefore denies those allegations.

99.    SLS denies the allegations in paragraph 99.

100.    SLS denies the allegations in paragraph 100 to the extent they allege or imply wrongdoing by SLS or that Plaintiffs possess any viable claims or class claims.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 and therefore denies those allegations.

101.    SLS denies the allegations in paragraph 101.

102.    SLS denies it had any obligation to provide notices of monthly installment payments.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102 and therefore denies those allegations.

103.    SLS denies the allegations in paragraph 103.

104.    SLS denies that the damages formula is "fictitious."  The remaining allegations in paragraph 104 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS denies the remaining allegations in paragraph 104.

105.    The allegations in paragraph 105 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies those allegations.

106.    SLS denies the allegations in paragraph 106.

107.    SLS denies the allegations in paragraph 107 to the extent they allege or imply

wrongdoing by SLS or that Plaintiffs possess any viable claims or class claims. SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 and therefore denies those allegations.

108.   SLS denies the allegations in paragraph 108.

109.   SLS denies the allegations in paragraph 109.

110.   SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.   The documents referenced in paragraph 111 speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. The remaining allegations in paragraph 111 constitute conclusions of law to which no response is required. To the extent a response is required, SLS denies the allegations in paragraph 111 to the extent they allege or imply wrongdoing by SLS or that Plaintiffs possess any viable claims or class claims. SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 and therefore denies those allegations.

## **RESPONSE TO CLASS ACTION ALLEGATIONS**

112.   The documents filed in the referenced cases speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same. SLS admits it owns a portfolio of loans that originated with BOA. SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 and therefore denies those allegations.

113.   The allegations in paragraph 113 constitute conclusions of law to which no response is required. To the extent a response is required, SLS denies the allegations in paragraph 113.

114.   SLS denies the allegations in paragraph 114.

115.   The documents filed in the referenced actions speak for themselves and SLS denies

any attempts by Plaintiffs to interpret or paraphrase the same.  SLS admits BOA previously owned the loans and transferred the loans to SLS.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 and therefore denies those allegations.

116.    SLS denies the allegations in paragraph 116.

117.    SLS denies the allegations in paragraph 117.

118.    The allegations in paragraph 118 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies those allegations.

119.    SLS denies the allegations in paragraph 119.

120.    The allegations in paragraph 120 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies those allegations.

121.    The allegations in paragraph 121 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.    SLS denies the allegations in paragraph 122 to the extent they allege or imply wrongdoing by SLS.  SLS denies the remaining allegations in paragraph 122.

123.    SLS admits certain individuals have filed lawsuits against it but denies the veracity of those lawsuits.  SLS denies the remaining allegations in paragraph 123.

124.    SLS denies the allegations in paragraph 124 to the extent they allege or imply

wrongdoing by SLS.  By way of a further response, a failure or inability to produce documentation in one case does not invalidate an assignment.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 124 and therefore denies those allegations.

125.    SLS craves reference to the cited ruling in paragraph 125, and denies any attempts by Plaintiffs to interpret or paraphrase the same.  By way of further response, the cited ruling was based on a servicer of BOA having expressly accelerated a loan of which SLS was previously unaware.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125 and therefore denies the same.

126.    The allegations in paragraph 126 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS denies that the referenced lawsuits have any bearing on the actions against Plaintiffs.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 126 and therefore denies those allegations.

127.    The allegations in paragraph 127 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 127 and therefore denies those allegations.

128.    The allegations in paragraph 128 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS admits Feldman seeks attorneys' fees in lawsuits filed on behalf of SLS when appropriate.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 128 and therefore denies those allegations.

129.    The allegations in paragraph 129 are not directed at SLS and therefore no response

is required.  To the extent a response is required, SLS denies the allegations in paragraph 129.

130.    The allegations in paragraph 130 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS admits Feldman seeks attorneys' fees when appropriate.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 130 and therefore denies those allegations.

131.    The allegations in paragraph 131 are not directed at SLS and therefore no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.    SLS admits only that Plaintiffs purport to bring this action on behalf of themselves and two classes.  SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.

133.    SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133 and therefore denies those allegations.

134.    SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 and therefore denies those allegations.

135.    SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 and therefore denies those allegations.

136.     SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136 and therefore denies those allegations.

137.     SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137 and therefore denies those allegations.

138.     SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 and therefore denies those allegations.

139.     The allegations in paragraph 139 constitute conclusions of law to which no response id required.  To the extent a response is required, SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 139 and therefore denies those allegations.

140.     SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 and therefore denies those allegations.

141.     SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141 and all subparagraphs of

paragraph 141 and therefore denies those allegations.

142.    The documents referenced in paragraph 142 speak for themselves and SLS denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 and therefore denies those allegations.

143.    SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 and therefore denies those allegations.

144.    SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies those allegations.

145.    SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.    SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 and therefore denies those allegations.

147.    SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147 and therefore denies those allegations.

148.    SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 148 and therefore denies those allegations.

149.    SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 and therefore denies those allegations.

150.    SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 and therefore denies those allegations.

151.    SLS denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

152.    SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153.    SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies those allegations.

## RESPONSE TO COUNT ONE

154.    Responding to paragraph 154, SLS re-alleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein.  To the extent a further response is required, SLS denies the allegations in paragraph 154.

155.    The allegations in paragraph 155 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS denies any alleged violations of the FDCPA.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 155 and therefore denies those allegations.

156.    The allegations in paragraph 156 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS denies any alleged violations of

the FDCPA.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 156 and therefore denies those allegations.

157.    The allegations in paragraph 157 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS denies any alleged violations of the FDCPA.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157 and therefore denies those allegations.

158.    SLS denies the allegations in paragraph 158.

159.    SLS denies the allegations in paragraph 159.

160.    SLS denies the allegations in paragraph 160.

161.    SLS denies the allegations in paragraph 161.

162.    SLS denies the allegations in paragraph 162.

163.    SLS denies the allegations in paragraph 163.

164.    SLS denies the allegations in paragraph 164.

165.    SLS denies the allegations in paragraph 165.

166.    SLS denies the allegations in paragraph 166.

167.    SLS denies the allegations in paragraph 167.

## RESPONSE TO COUNT TWO

168.    Responding to paragraph 168, SLS re-alleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein.  To the extent a further response is required, SLS denies the allegations in paragraph 168.

169.    The allegations in paragraph 169 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 and therefore denies those allegations.

170.    The allegations in paragraph 170 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 and therefore denies those allegations.

171.    The allegations in paragraph 171 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 and therefore denies those allegations.

172.    SLS denies the allegations in paragraph 172.

173.    SLS denies the allegations in paragraph 173.

174.    The allegations in paragraph 174 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 and therefore denies those allegations.

175.    SLS denies the allegations in paragraph 175.

176.    SLS denies the allegations in paragraph 176.

## RESPONSE TO COUNT THREE

177.    Responding to paragraph 177, SLS re-alleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein.  To the extent a further response is required, SLS denies the allegations in paragraph 177.

178.    The allegations in paragraph 178 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS denies Plaintiffs are entitled to any declaratory relief.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 178 and therefore denies those allegations.

179.   The allegations in paragraph 179 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS denies Plaintiffs are entitled to a declaratory judgment.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 179 and therefore denies those allegations.

180.   SLS craves reference to the cited statute and denies any attempts by Plaintiffs to interpret or paraphrase the same.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 180 and therefore denies those allegations.

181.   The allegations in paragraph 181 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS denies Plaintiffs are entitled to a declaratory judgment.  SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 181 and therefore denies those allegations.

182.   SLS denies the allegations in paragraph 182.

183.   The allegations in paragraph 183 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 and therefore denies those allegations.

184.   SLS denies the allegations in paragraph 184.

185.   SLS denies the allegations in paragraph 185.

**RESPONSE TO COUNT FOUR**

186.   Responding to paragraph 186, SLS re-alleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein.  To the extent a further response is required, SLS denies the allegations in paragraph 186.

187.   The allegations in paragraph 187 constitute conclusions of law to which no response is required.  To the extent a response is required, SLS lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 187 and therefore denies those allegations.

188.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 and therefore denies those allegations.

189.     SLS craves reference to the cited statutes in paragraph 189, and denies any attempts by Plaintiffs to interpret or paraphrase the same.   The remaining allegations in paragraph 154 constitute conclusions of law to which no response is required.   To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 189 and therefore denies those allegations.

190.     SLS denies the allegations in paragraph 190.

191.     SLS denies the allegations in paragraph 191.

192.     SLS denies the allegations in paragraph 192.

193.     SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore denies those allegations.

194.     SLS denies the allegations in paragraph 194.

195.     SLS denies the allegations in paragraph 195.

## RESPONSE TO CLAIM FOR ATTORNEY'S FEES

196.     The allegations in paragraph 196 constitute conclusions of law to which no response is required.   To the extent a response is required, SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 and therefore denies those allegations.

197.     No response is required to the prayer for relief paragraph and its subparagraphs.   To the extent a response is required, SLS denies that it violated any statute or other law and denies Plaintiffs are entitled to the relief sought or any other relief.

198.    SLS further denies all allegations in Plaintiffs' Complaint that are not otherwise specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted and therefore Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiffs, which SLS denies, was due to the affirmative actions and/or omissions of Plaintiffs or others, and does not give rise to any liability against SLS.

### THIRD DEFENSE

While SLS denies that Plaintiffs have been damaged in any way, if it should be determined that Plaintiffs have been damaged, then SLS alleges such damage was not caused by SLS, but was proximately caused or contributed to by the conduct of others for whom SLS is not responsible or liable.

### FOURTH DEFENSE

Plaintiffs' Amended Complaint and purported claims for relief are barred in whole or in part because SLS at all times acted in a reasonable manner and in good faith.

### FIFTH DEFENSE

If and to the extent it is determined that any act or omission by SLS violated any law, such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SIXTH DEFENSE

If and to the extent applicable, SLS pleads the statute of limitations as a partial or total

defense to one or more of Plaintiffs' claims.

## SEVENTH DEFENSE

If and to the extent judgments have been obtained against any putative class members, the claims of those putative class members are barred by *res judicata* and/or the Rooker-Feldman Doctrine.

## EIGHTH DEFENSE

If and to the extent any putative class members have reached settlement agreements with respect to their loans, the claims of those putative class members are barred by the doctrines of accord and satisfaction, release, and/or waiver.

## NINTH DEFENSE

The claims of one or more putative class members may be barred by estoppel.

## TENTH DEFENSE

SLS reserves the right to assert any other defenses that may become available during discovery proceedings, or otherwise, in this case and hereby reserves the right to amend its Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, having fully responded to Plaintiffs' Amended Complaint, SLS prays that this Court:

1. Deny any request for class certification;

2. Deny any request for declaratory judgment and/or injunctive relief;

3. Dismiss Plaintiffs' claims with prejudice and award Plaintiffs nothing from SLS;

4. Award SLS its attorneys' fees from Plaintiffs, if and to the extent allowed by law;

5. Tax the costs of this action against Plaintiffs; and

6. Provide such other and further relief as this Court deems just and proper.

Respectfully submitted,


*/s/David B. Shaver*
Jeffrey C. Turner, admitted PHV (OH #0063154)
David B. Shaver, admitted PHV (OH #0085101)
Surdyk, Dowd & Turner Co., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
jturner@sdtlawyers.com
dshaver@sdtlawyers.com

James M. Connolly (Bar No. 23872)
Kramer & Connolly
465 Main Street
Reisterstown, MD 21136
Tel.: (410) 581-0070
Fax: (410) 581-1524
jmc@kramerslaw.com

*Counsel for Defendant Student Loan Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2021, a copy of the foregoing Defendant Student Loan Solutions, LLC's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system, including on the following counsel:

Kathleen P. Hyland
HYLAND LAW FIRM, LLC
222 Severn Avenue, Suite 17
Annapolis, MD 21403
kat@lawhyland.com
*Counsel for Plaintiff*

Peter A. Holland
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21403
peter@hollandlawfirm.com
*Counsel for Plaintiff*

James E. Dickerman
Joseph M. Moeller
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
dickerman@ewmd.com
moeller@ewmd.com
*Counsel for Feldman & Associates, P.C.*

*/s/David B. Shaver*
David B. Shaver, admitted PHV (OH #0085101)