UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

**YURY SHADRIN, ET AL.,**

Plaintiffs

v.

**STUDENT LOAN SOLUTIONS, LLC, ET AL.,**

Defendants

**Case No. 1:20-cv-3641-CCB**

**DEFENDANT FELDMAN & ASSOCIATES, P.C.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Feldman & Associates, P.C. ("Feldman"), by and through its attorneys, James E. Dickerman, Joseph M. Moeller, and Eccleston & Wolf, P.C., hereby submits this Reply to Plaintiffs' Notice of Supplemental Authority, and in support thereof, states as follows:

**I. The Elimination Of Distinction Between Challenges To The Amount Of Debt And The Method Of Collection in MCDCA Claims By The Court Of Appeals Is Not Dispositive To Feldman's Motion To Dismiss.**

Plaintiffs argue that its claim against Defendant(s)[1] under the Maryland Consumer Debt Collection Act ("MCDCA") is valid as a result of the recent Court of Appeals decision in *Chavis v. Blibaum & Associates, P.A.*, 2021 LEXIS 430, (Aug. 27, 2021) ("*Chavis II*"). While Plaintiffs are correct in asserting that the *Chavis II* decision allows for Plaintiffs to challenge the debt itself under MCDCA, and not merely the method of debt collection, it is not an issue that is dispositive of Feldman's arguments in support of Dismissal of Plaintiff's MCDCA claims.

[1] Plaintiffs do not specify which Defendant they address in regards to this section.

In Feldman's memorandum of law in support of its Motion to Dismiss the First Amended Complaint or in the Alternative, Motion for Summary Judgment, Feldman argued[2] that Plaintiffs cannot prevail on their MCDCA claim because: (1) the loans had not been previously accelerated, (2), assuming *arguendo* that the loans were accelerated, Feldman was not aware of any prior actions by its client to accelerate the loans and acted reasonably to rely upon the information provided by its clients in good faith, and (3), assuming *arguendo* that the loans were accelerated and Feldman should have been aware of this acceleration, Feldman nonetheless is not liable as the collection efforts made by Feldman was the result of a *bona fide* error in an area of disputed law.

Although the holding of *Chavis II* creates an avenue for the basis of Plaintiffs' challenge to the debt itself instead of merely the methods of collection, the crux of Feldman's argument that relied on *Chavis v. Blibaum & Associates* is in regard to Plaintiffs' failure to plead with sufficiency that Feldman had knowledge of the existence of the letters, which Plaintiffs allege should be treated as prior accelerations. *P.A.*, 246 Md. App. 517 (2020), *rev'd* 2021 LEXIS 430, (Aug. 27, 2021). *Chavis II*'s interpretation of the MCDCA to permit challenges of the debt itself as opposed to the method of collection does not erase the deficiencies of Plaintiffs' claim. Plaintiffs failed to plead that Feldman had knowledge of the existence of the documents that allegedly accelerated the Plaintiffs' loans. As such, *Chavis II* does not impact Feldman's position in its motion to dismiss, as Plaintiffs cannot impute any violations of the MCDCA onto Feldman as a matter of law.

### II. Plaintiff's Recitation Of *Chavis II* And *Kemp* Regarding Knowledge Of Law Is Irrelevant To The Court's Consideration Of Feldman's Motion.

In the Plaintiffs' Notice of Supplemental Authority, Plaintiffs recites a footnote that made a distinction between the Federal Debt Collection Practices Act ("FDCPA") and the MCPDA, as

[2] Feldman incorporates by reference his arguments from previous motions and memoranda.

well as the court's ruling by the Court of Appeals in *Chavis II*, which held that in areas of unsettled law, a debt collector may be liable for making a mistake of law under MCPDA 14-202(8). Plaintiffs also reference *Nationstar Mortgage LLC v. Kemp*, which held that the knowledge element of the MDCPA is met when a debt collector fails to discover settled and obvious provisions of law. 2021 Md. LEXIS 429 at *50 (Aug. 27, 2021).

The holding in *Chavis II* relates to the knowledge component of 14-202(8) in circumstances where the law is unsettled. Specifically, whether a debt collector had knowledge of the law prohibiting him/her from collecting a debt, or whether it was a debt collector's reckless disregard to discover the law, may be questions of fact. *See Chavis II* at *41. However, in the instant case, the question of knowledge regarding Feldman's acts to collect the debts from Plaintiffs does not revolve around whether Feldman knew such a collection was lawful or whether it was reckless to not know if such a collection was unlawful. Rather, the question is whether Feldman had sufficient knowledge of the actions of its clients if an acceleration took place.

Plaintiffs conflate knowledge of the *law* with knowledge of the *facts*. While the statements of the law cited by Plaintiffs in their Notice of Supplemental Authority are correct to the extent that knowledge may be a question of fact in debt collection cases, the analysis they provide are not determinative for this case. Summary judgment is proper when there is "no genuine dispute as to any material fact and the moving party is plainly entitled to judgment in its favor as a matter of law." *Jarallah v. Thompson*, 123 F. Supp. 3d 719, 724-25 (D. Md. 2015). *Chavis II* did not alter the rules for Summary Judgment. In fact, the Court of Appeals specifically noted:

> [The] court's statement…that debt collectors "must be held to be aware of laws affecting the validity of their collection efforts…" does not apply to the situation where the law is unsettled at the time the collector claims a right that later turns out not to exist. In such an instance, to withstand summary judgment and eventually prevail at trial, a plaintiff must produce

> facts from which the trier of fact reasonably may infer that the defendant acted recklessly in claiming the right.

*Chavis II*, at *41 (emphasis added). The facts here are not in dispute. Plaintiffs' amended complaint contains no allegations that Feldman knew of the acceleration letters. Furthermore, Feldman has submitted a signed affidavit, the contents of which the Plaintiffs have not disputed, stating it lacked knowledge of any prior alleged accelerations. *See* ECF 29-5. Under the circumstances, Plaintiffs have not created a dispute of fact as to Feldman's knowledge of any prior acceleration. Therefore, dismissal of the MCDCA claim is warranted.

Plaintiffs relies on a footnote in *Chavis II* to make the legal conclusion that "as strict liability provisions, there is no issue as to an actor's knowledge" regarding MCDPA 14-202(11). However, *Chavis II* merely compares the language between the FDCPA and its comparable passage in the MDCPA regarding intent. Because *Chavis II* relates to knowledge as an element in MDCPA 14-202(8), and does not discuss FDCPA or its relation to MDCPA 14-202(11), Plaintiffs failed to mention that while "knowledge" is required under FDCPA 1692e, as is the case under MDCPA 14-202(8), the lack of intent is a statutorily prescribed defense for debt collectors. *See* 15 U.S.C. 1692k(c).

In addition, Feldman's did not violate the FDCPA because even if the court finds that an acceleration took place and even if the court finds that Feldman's knowledge of this acceleration is in dispute, Feldman's collection, even if erroneous, was an *bona fide* error in an uncertain area of law warranting summary judgment for the reasons discussed in Feldman's previous Reply to Plaintiff's Opposition to Motion to Dismiss. *See* ECF 46 at p. 8-11. *Chavis II* does not overcome the well-established *bona fide* error defense in federal law, nor does *Chavis II* impact the persuasiveness of *Sprayberry v. Portfolio Recovery Assoc.* in relation to the instant case. 2021 U.S. Dist. Lexis 57488 (D. Ore. 2021) (*holding* when a law firm filed suit to collect a debt where the

state law was ambiguous on whether it was time-barred, the law firm did not violate the FDCPA and thus the court did not have to consider the *bona fide* error defense).

Ultimately, the question is whether an acceleration occurred. Feldman's collection after an acceleration can only be unlawful if an acceleration did in fact occur. Furthermore, even if the court finds Feldman's clients did accelerate the debt, Plaintiffs failed to plead with sufficiency that Feldman knew an acceleration on the debts occurred, and nonetheless knowingly or recklessly attempted to collect those debts. Finally, Plaintiffs' Notice of Supplemental Authority does not impact Feldman's *bona fide* error is a valid defense.

For reasons set forth in Feldman's Memorandum in Support of Feldman's Motion to Dismiss the First Amended Complaint or in the Alternative for Summary Judgment (ECF 29) and as discussed in Feldman's Reply to Plaintiff's Opposition to Motion to Dismiss (ECF 46), Plaintiffs have not sufficiently alleged any actual knowledge or recklessness by Feldman. Because Plaintiff's Notice of Supplemental Authority does not affect the analysis of the insufficient allegations raised by Plaintiffs, Feldman respectfully requests that the Court grants its motion and dismiss the First Amended Complaint, or in the alternative, grant summary judgment in Feldman's favor.

Respectfully submitted,

*/s/James E. Dickerman*
James E. Dickerman (Bar No. 10687)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dickerman@ewmd.com
*Attorney for Defendant Feldman*

*/s/ Joseph M. Moeller*
Joseph M. Moeller (Bar No. 21682)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dickerman@ewmd.com
*Attorney for Defendant Feldman*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2021, copies of Defendant Feldman's Response to Plaintiff's Notice of Supplemental Authority was served electronically through the Court's CM/ECF system, upon:

Kathleen P. Hyland, Esq.
Hyland Law Firm, LLC
222 Severn Avenue, Suite 17
Annapolis, Maryland 21403
kat@lawhyland.com

Peter A. Holland, Esq.
The Holland Law Firm, P.C.
914 Bay Ridge Road, Suite 230
Annapolis, Maryland 21403
peter@hollandlawfirm.com

James M. Connolly, Esq.
Kramer & Connolly
465 Main Street
Reisterstown, Maryland 21136
jmc@kramerslaw.com

*/s/ James E. Dickerman*
James E. Dickerman (#10687)