UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **YURY SHADRIN,** *et al.,* <br><br> Plaintiffs <br><br> v. <br><br> **STUDENT LOAN SOLUTIONS, LLC,** *et al.* <br><br> Defendants | Case No.  **1:20-cv-3641-CCB** |

## ANSWER TO PLAINTIFFS FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, Feldman & Associates (hereinafter "Feldman"), by and through its attorneys James E. Dickerman and Eccleston & Wolf, P.C., pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files its Answer to Plaintiffs' Amended Class Action Complaint (the "Complaint").

1. Feldman denies Plaintiffs' allegations in the preliminary paragraph before paragraph 1 and in paragraph 1 of the Complaint.

2. Feldman denies the allegations in paragraph 2 of the Complaint.

3. Plaintiffs' reference to the website uses a non-functional link, therefore Feldman has no information to respond to the accuracy, relevance, or authority of Plaintiffs quoted language. To the extent that it exists, the content of the website speaks for itself.

4. Feldman denies the allegations in paragraph 4 of the Complaint.

5. Feldman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6. Plaintiffs' allegations in paragraph 6 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations contained in Paragraph 6 of the Complaint.

7. Feldman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Feldman denies the allegation that the debts were "time barred." Feldman admits Plaintiffs incurred student loans owed to Bank of America, N.A. ("BOA"). Feldman admits that Defendant Student Loan Solutions, LLC purchased a portfolio of loans from BOA and the named Plaintiffs's debts were in the portfolio.

9. The allegations in paragraph 9 constitute conclusions of law to which no response is required, but to the extent that a response is required, Feldman denies the allegation contained in paragraph 9 of the Complaint.

**RESPONSE TO PARTIES**

10. Based on its review of its clients' business records, it is Feldman's understanding that Plaintiff Yury Shadrin is a resident of Baltimore County Maryland. The remaining allegations in paragraph 10 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 10 of the Complaint and therefore denies those allegations.

11. Based on its review of its clients' business records, it is Feldman's understanding that Plaintiff Tania Burinskas is a resident of Baltimore County Maryland. The remaining allegations in paragraph 11 constitute conclusions of law to which no response is required. To the extent that a response is required, and Feldman is without knowledge or information sufficient to form a belief

as to the truth of the allegation contained in paragraph 11 of the Complaint and therefore denies those allegations

12.  The allegations in paragraph 12 are not directed at Feldman and therefore no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. The allegations in paragraph 13 are not directed at Feldman and therefore no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14. The allegations in paragraph 14 are not directed at Feldman and therefore no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15. The allegations in paragraph 15 are not directed at Feldman and therefore no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16. The allegations in paragraph 16 are not directed at Feldman and therefore no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17. Feldman denies that it is a collection agency organized under South Carolina law. Feldman denies that it is registered as a foreign corporation with SDAT. Feldman admits that it is licensed with the Maryland Department of Labor as a debt collector. Feldman admits that it can be served with process in Maryland.

## RESPONSE TO JURISDICTION AND VENUE

18. Feldman admits the allegation in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 constitute conclusions of law to which no response is required.

20. The allegations in paragraph 20 constitute conclusions of law to which no response is required.

## RESPONSE TO FACTS SPECIFIC TO THE PLAINTIFFS

21. The allegations in paragraph 21 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22. The allegations in paragraph 22 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23. The allegations in paragraph 23 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24. The allegations in paragraph 24 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25. The allegations in paragraph 25 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26. The allegations in paragraph 26 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27. The allegations in paragraph 27 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks information sufficient to form a belief as to the authority relied on by Plaintiffs for its basis of the allegation in paragraph 27 and therefore denies those allegations.

28. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33. The allegations in paragraph 33 is not directed at Feldman and therefore no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36. Feldman admits to the allegation in paragraph 36 that in 2019, Feldman sent written communications and filed debt collection lawsuits against Plaintiffs. Feldman denies Plaintiffs' allegation in paragraph 36 that the purpose is to collect time barred debt and denies participating in, or having knowledge of, any "scheme" that was designed to mislead consumers and/or work around any potential affirmative defenses related to the statute of limitations.

37. Feldman denies participating in, or having knowledge of, any "scheme," and admits Plaintiffs' allegation in paragraph 37 that Feldman communicated with consumers via telephone to demand payment and filed debt collection lawsuits against Plaintiffs. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38. Feldman denies the allegations contained in paragraph 38 of the Complaint.

39. Feldman lacks knowledge or information of the content of Plaintiffs' records to form a belief as to the truth of the allegations of paragraph 39 and therefore denies those allegations.

40. Feldman lacks knowledge or information of the content of Plaintiffs' records to form a belief as to the truth of the allegations of paragraph 40 and therefore denies those allegations.

41. Feldman denies the allegation in paragraph 41 of the Complaint.

42. Feldman denies the allegation in paragraph 42 of the Complaint.

43. The allegations in paragraph 43 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 43.

## II. Fact Specific to Plaintiff Shadrin

44. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore denies those allegations.

45. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies those allegations.

46. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies those allegations.

47. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore denies those allegations.

48. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies those allegations.

49. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies those allegations.

50. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore denies those allegations.

51. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore denies those allegations.

52. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and therefore denies those allegations.

53. Feldman admits to the allegations in paragraph 53 of the Complaint.

54. Feldman admits to the allegations in paragraph 54 of the Complaint.

55. Feldman admits to filing an affidavit which speaks for itself and Feldman denies all allegations inconsistent with that document and any attempts by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 55 of the Complaint.

56. The document attached as Exhibit A speaks for itself and Feldman denies all allegations inconsistent with that document. Feldman denies the existence of a "scheme" alleged in paragraph 56. The remaining allegations in paragraph 56 constitute conclusions of law and therefore no response is required. To the extent that a response is required, Feldman denies the remaining allegations in paragraph 56 of the Complaint.

57. The document attached as Exhibit B speaks for itself and Feldman denies all allegations that are inconsistent with that document and any attempts by Plaintiffs to interpret or paraphrase the same. The remaining allegations in paragraph 57 constitute conclusions of law and therefore no response is required. To the extent that a response is required, Feldman denies the remaining allegations in paragraph 57 of the Complaint.

58. The documents attached as Exhibit B speaks for itself and Feldman denies all allegations inconsistent with that document. The remaining allegations in paragraph 58 constitute conclusions of law and therefore no response is required. To the extent that a response is required, Feldman denies the remaining allegations in paragraph 58 of the Complaint.

59. The document attached as Exhibit C speaks for itself and Feldman denies all allegations that are inconsistent with that document and any attempts by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 59 of the Complaint.

60. The allegations in Paragraph 60 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 60.

61. The document attached as Exhibit C speaks for itself and Feldman denies all allegations that are inconsistent with that document and any attempts by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 61.

62. The document attached as Exhibit D speaks for itself and Feldman denies all allegations that are inconsistent with that document and any attempts by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 62.

63. The document attached as Exhibit D speaks for itself and Feldman denies all allegations that are inconsistent with that document and any attempts by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 63.

64. Feldman admits that Shadrin made contact with Feldman, and denies the remaining allegations in paragraph 64 of the Complaint.

65. Feldman denies the allegations contained in paragraph 65 of the Complaint.

66. Feldman admits that there were discussions regarding settling the debt for less than the full amount owed, and denies the remaining allegations contained in paragraph 66 of the Complaint.

67. The allegations in paragraph 67 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 67 of the Complaint.

68. The allegations in paragraph 68 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies those allegations.

### III. Facts Specific to Plaintiff Burinskas

69. Based on its review of its clients' business records, it is Feldman's understanding that Plaintiff Burinskas signed two direct-to-consumer private student loans with Bank of America to finance her college tuition, the contents of these documents speak for themselves and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same.

70. Based on its review of its clients' business records, it is Feldman's understanding that "Loan #1" was obtained on or about January 14, 2008 and the last payment was on or about December 7, 2015, the contents of the documents speak for themselves and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same.

71. Based on its review of its clients' business records, it is Feldman's understanding that the principal balance of "Loan #1" was $11,049.72 with an adjustable interest rate, the contents of the documents speak for themselves and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same.

72. Based on its review of its clients' business records, it is Feldman's understanding that "Loan #2" was obtained on or about March 18, 2008 and the last payment was on or about September 29, 2015, the contents of the documents speak for themselves and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same.

73. Based on its review of its clients' business records, it is Feldman's understanding that the principal balance of "Loan #2" was $13,259.67 with an adjustable interest rate, the contents of

the documents speak for themselves and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same.

74. The document attached as Exhibit E speaks for itself and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 and therefore denies those allegations.

75. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegation in paragraph 75 of the Complaint concerning Burinskas' subjective belief and therefore denies those allegations.

76. The document attached as Exhibit F speaks for itself and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 76 of the Complaint.

77. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in paragraph 77 of the Complaint concerning Burinskas' subjective belief and therefore denies those allegations.

78. The allegations in paragraph 78 constitute conclusions of law to which no response is required. To the extent that a response is required, the documents attached as Exhibit G speaks for themselves and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same, and denies the remaining allegations in paragraph 78 of the Complaint.

79. The documents attached as Exhibit H speaks for themselves and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 79 of the Complaint.

80. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegation in paragraph 80 of the Complaint concerning Burinskas' subjective belief. Feldman denies the remaining allegations in paragraph 80 of the Complaint.

81. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegation in paragraph 81 of the Complaint concerning Burinskas' subjective belief. Feldman denies the remaining allegations in paragraph 81 of the Complaint.

82. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegation in paragraph 82 of the Complaint concerning Burinskas' subjective belief. Feldman denies the remaining allegations in paragraph 82 of the Complaint.

83. Feldman admits that his fee agreement with SLS was contingent, but denies the remaining allegations in paragraph 83 of the Complaint.

84. The loan documents speak for themselves and Feldman denies any attempts by Plaintiff to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 84 of the Complaint.

85. The allegations in Paragraph 85 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore denies those allegations.

86. Feldman admits to the allegations in paragraph 86 of the Complaint.

87. The document attached as Exhibit I speaks for itself and Feldman denies the allegations in paragraph 87 of the Complaint.

88. The document attached as Exhibit J speaks for itself and Feldman denies the allegations in paragraph 88 of the Complaint.

89. The allegations in paragraph 89 constitute conclusions of law to which no response is required. To the extent that a response is required, the documents filed with the District Court for Maryland speak for themselves and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 89.

90. The allegations in paragraph 90 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations contained in Paragraph 90 of the Complaint.

91. The allegations in paragraph 91 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations contained in Paragraph 91 of the Complaint.

## IV. Defendants Had Actual Knowledge of the Prior Debt Collection Communications and Acceleration Letters

65[1]. Based on its review of its clients' business records, it is Feldman's understanding that Student Loan Solutions LLC executed a "Loan Sale Agreement" with Bank of America on October 31, 2017, the contents of the documents speak for themselves and Feldman denies any attempt by Plaintiffs to interpret or paraphrase the same.

66. The document referenced by the Plaintiff in paragraph 66 speaks for itself and Feldman denies any attempt by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 66 of the Complaint.

---

[1] Beginning from this paragraph, instead of continuing the numbering of the paragraphs to 92, the numbering of paragraphs in Plaintiffs' Amended Complaint restarted from 65. For the sake of consistency and avoiding any confusion, Feldman will adhere to the numbering of the paragraphs as they are presented in the Amended Complaint by the Plaintiffs.

67. The allegations in paragraph 67 are not directed at Feldman and therefore no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies those allegations.

68. The allegations in paragraph 68 are not directed at Feldman and therefore no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.

69. The allegations in paragraph 69 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 69 of the Complaint.

70. The allegations in paragraph 70 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 70 of the Complaint.

71. The allegations in paragraph 71 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 71 of the Complaint.

72. The allegations in paragraph 72 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 72 of the Complaint.

**V. Defendants Could Not Calculate Actual Principal Balances and Waived the Right to Collect the Maryland Debts**

73. The allegations in paragraph 73 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 73 of the Complaint.

74. The allegations in paragraph 74 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 74 of the Complaint.

75. The allegations in paragraph 75 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 75 of the Complaint.

76. The allegations in paragraph 76 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 76 of the Complaint.

77. The allegations in paragraph 77 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 77 of the Complaint.

78. The allegations in paragraph 78 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 78 of the Complaint.

79. The document attached as Exhibit B speaks for itself and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same.

80. The allegations in paragraph 80 constitute conclusions of law to which no response is required. To the extent that any responses is required, Feldman denies the allegations in paragraph 80 of the Complaint.

81. The allegations in paragraph 81 constitute conclusions of law to which no response is required. To the extent that any responses is required, Feldman denies the allegations in paragraph 81 of the Complaint.

82. The allegations in paragraph 82 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 82 of the Complaint.

83. Feldman denies the allegations in paragraph 83 of the Complaint.

84. The allegations in paragraph 84 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 84 of the Complaint.

85. The allegations in paragraph 85 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 85 of the Complaint.

86. The allegations in paragraph 86 constitute conclusions of law to which no response is required. To the extent that any response is required, Feldman denies the allegations in paragraph 86 of the Complaint.

87. The document attached as Exhibit K speaks for itself and Feldman denies any attempt by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 87 of the Complaint.

88. The document attached as Exhibit K speaks for itself and Feldman denies any attempt by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 88 of the Complaint.

89. The document attached as Exhibit D speaks for itself and Feldman denies any attempt by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 89 of the Complaint.

90. The document attached as Exhibit D speaks for itself and Feldman denies any attempt by Plaintiffs to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 90 of the Complaint.

91. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint and therefore denies those allegations.

92. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint and therefore denies those allegations.

93. Feldman denies the allegations in paragraph 93 of the Complaint.

94. The document attached as Exhibit L speaks for itself and Feldman denies any attempt by Plaintiff to interpret or paraphrase the same. Feldman denies the remaining allegations in paragraph 94 of the Complaint.

95. The allegations in Paragraph 95 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in Paragraph 95 of the Complaint.

96. The allegations in Paragraph 96 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in Paragraph 96 of the Complaint.

97. Feldman denies the allegations in Paragraph 97 of the Complaint.

98. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint and therefore denies those allegations.

99. The allegations in Paragraph 99 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in Paragraph 99 of the Complaint.

100. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint and therefore denies those allegations.

101. The allegations in paragraph 101 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in Paragraph 101 of the Complaint.

102. The allegations in paragraph 102 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in Paragraph 102 of the Complaint.

103. The allegations in paragraph 103 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in Paragraph 103 of the Complaint.

104. The allegations in paragraph 104 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint and therefore denies those allegations.

105. The allegations in paragraph 105 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint and therefore denies those allegations

106. Feldman denies the allegations in paragraph 106 of the Complaint.

107. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint and therefore denies those allegations.

108. The allegations in paragraph 108 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in Paragraph 108 of the Complaint.

109. The allegations in paragraph 109 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint and therefore denies those allegations.

110. The allegations in paragraph 110 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 110 of the Complaint and therefore denies those allegations.

111. The allegations in paragraph 111 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 111 of the Complaint and therefore denies those allegations.

**RESPONSE TO CLASS ACTION ALLEGATIONS**

112. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, as what constitutes a "large portfolio" has not been defined, and therefore denies those allegations.

113. The allegations in paragraph 113 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information

sufficient to form a belief as to the truth of the allegation in paragraph 113 of the Complaint and therefore denies those allegations.

114. Feldman denies the allegations contained in paragraph 114 of the Complaint.

115. The Documents submitted by Feldman, if any, to the Maryland courts speak for themselves, and Feldman denies any attempts by Plaintiffs to interpret or paraphrase the same. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 and therefore denies those allegations.

116. The allegations in paragraph 116 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 116 of the Complaint.

117. Feldman denies the allegations in paragraph 117 of the Complaint.

118. Feldman denies the allegations in paragraph 118 of the Complaint.

119. The allegations in paragraph 119 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 119. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations against its co-defendants.

120. Feldman denies the allegations in paragraph 120 of the Complaint.

121. The allegations in paragraph 121 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 121. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations against its co-defendants and therefore denies those allegations.

122. Feldman denies the allegations in paragraph 122 of the Complaint.

123. Feldman denies it was a party to the litigations referenced in paragraph 123 and lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 123 of the Complaint and therefore denies those allegations.

124. Feldman denies it was a party to the litigation referenced in paragraph 124 and lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 124 of the Complaint and therefore denies those allegations.

125. Feldman denies it was a party to the litigation referenced in paragraph 125 and lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 125 of the Complaint and therefore denies those allegations.

126. The allegations in paragraph 126 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 126 of the Complaint.

127. The allegations in paragraph 127 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 127 of the Complaint.

128. Because the term "regularly" is not defined, Feldman denies the allegations in paragraph 128 of the Complaint.

129. The allegations in paragraph 129 are not directed at Feldman and therefore no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint and therefore denies those allegations.

130. Feldman denies the allegations in paragraph 130 of the Complaint.

131. Feldman denies the allegations in paragraph 131 of the Complaint.

132. Feldman admits that Plaintiffs bring this action on behalf of themselves. Feldman denies that Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman denies the remaining allegations in paragraph 132 of the Complaint.

133. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133 and therefore denies those allegations.

134. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133 and therefore denies those allegations.

135. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 and therefore denies those allegations.

136. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136 and therefore denies those allegations.

137. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 137 and therefore denies those allegations.

138. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 and therefore denies those allegations.

139. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 139 and therefore denies those allegations.

140. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 and therefore denies those allegations.

141. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141 and therefore denies those allegations.

142. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 and therefore denies those allegations.

143. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 and therefore denies those allegations.

144. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 and therefore denies those allegations.

145. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 145 and therefore denies those allegations.

146. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146 and therefore denies those allegations.

147. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147 and therefore denies those allegations.

148. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 148 and therefore denies those allegations.

149. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 and therefore denies those allegations.

150. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 and therefore denies those allegations.

151. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

152. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153. Feldman denies Plaintiffs are entitled to bring this action on behalf of any class and denies that any class should be certified. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies those allegations.

**RESPONSE TO COUNT ONE**

154. Feldman re-alleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein. To the extent that a further response is required, Feldman denies the allegations in paragraph 154 of the Complaint.

155. The allegations in paragraph 155 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and the allegations in paragraph 155 of the Complaint.

156. The allegations in paragraph 156 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 and therefore denies those allegations.

157. The allegations in paragraph 157 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and the allegations in paragraph 157 of the Complaint.

158. The allegations in paragraph 158 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and the allegations in paragraph 158 of the Complaint.

159. The allegations in paragraph 159 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and the allegations in paragraph 159 of the Complaint.

160. The allegations in paragraph 160 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and the allegations in paragraph 160 of the Complaint. Feldman lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations not directed at Feldman in paragraph 160.

161. The allegations in paragraph 161 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and the allegations in paragraph 161 of the Complaint. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations not directed at Feldman in paragraph 161.

162. The allegations in paragraph 162 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and the allegations in paragraph 162 of the Complaint. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations not directed at Feldman in paragraph 162.

163. The allegations in paragraph 163 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and the allegations in paragraph 163 of the Complaint. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations not directed at Feldman in paragraph 163.

164. The allegations in paragraph 164 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and the allegations in paragraph 164 of the Complaint. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 164.

165. The allegations in paragraph 165 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies it violated the FDCPA and

the allegations in paragraph 165 of the Complaint. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 165.

166. Feldman denies the allegations in paragraph 166 of the Complaint.

167. Feldman denies the allegations in paragraph 167 of the Complaint.

## RESPONSE TO COUNT TWO

168. Feldman realleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein. To the extent that a further response is required, Feldman denies the allegations in paragraph 168 of the Complaint.

169. The allegations in paragraph 169 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies that it violated the MCDCA.

170. The allegations in paragraph 170 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies that it violated the MCDCA.

171. The allegations in paragraph 171 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies that it violated the MCDCA.

172. Feldman denies the allegations in paragraph 172 of the Complaint.

173. Feldman denies the allegations in paragraph 173 of the Complaint.

174. The allegations in paragraph 174 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 174.

175. Feldman denies it violated the MCDCA. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 175 and therefore denies those allegations.

176. Feldman denies the allegations in paragraph 176 of the Complaint.

## RESPONSE TO COUNT THREE

177. Feldman realleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein. To the extent that a further response is required, Feldman denies the allegations in paragraph 177.

178. The allegations in paragraph 178 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 178 and therefore denies those allegations.

179. The allegations in paragraph 179 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 179 and therefore denies those allegations.

180. The allegations in paragraph 180 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 181 and therefore denies those allegations.

181. The allegations in paragraph 181 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 181 and therefore denies those allegations.

182. Defendant denies the allegations in paragraph 182 of the Complaint.

183. Defendant denies the allegations in paragraph 183 of the Complaint.

184. The allegations in paragraph 184 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 184 and therefore denies those allegations.

185. The allegations in paragraph 185 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 185 and therefore denies those allegations.

**RESPONSE TO COUNT FOUR**

186. Feldman realleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein. To the extent that a further response is required, Feldman denies the allegations in paragraph 186 of the Complaint.

187. The allegations in paragraph 187 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 187 and therefore denies those allegations.

188. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 and therefore denies those allegations.

189. The allegations in paragraph 189 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 189.

190. The allegations in paragraph 190 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 190.

191. The allegations in paragraph 191 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 191.

192. The allegations in paragraph 192 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman denies the allegations in paragraph 192.

193. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore denies those allegations.

194. Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 and therefore denies those allegations.

195. Feldman denies the allegations in paragraph 195 of the Complaint.

**RESPONSE TO CLAIM FOR ATTORNEY'S FEES ALLOWED BY LAW**

196. The allegations in paragraph 196 constitute conclusions of law to which no response is required. To the extent that a response is required, Feldman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 and therefore deny those allegations.

197. No response is required to the prayer of relief paragraph and its subparagraphs. To the extent that a response is required, Feldman denies that it violated any statutes or other laws and denies Plaintiffs are entitled to the relief sought or any other relief.

198. Feldman further denies all allegations in Plaintiffs' Complaint that are not otherwise specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

Feldman further states that Plaintiffs' claims are barred by the following defenses:

1. Plaintiffs' claims are barred by failure to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

3. Plaintiffs' claims are barred by arbitration and awards.

4. Plaintiffs' claims are barred by estoppel.

5. Plaintiffs' claims are barred by release.

6. Plaintiffs' claims are barred by *res judicata*.

7. Plaintiffs' claims are barred by the statute of limitations.

8. Plaintiffs' claims are barred by waiver.

Feldman reserves the right to assert any other defenses that may become available during discovery proceedings, or otherwise, in this case and hereby reserves the right to amend its Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, having answered, Defendant Feldman & Associates, denies any liability to Plaintiffs, and respectfully requests that this Court deny any request for class certification, deny any request for declaratory judgment and/or injunctive relief, dismiss Plaintiffs' Complaint in its entirety with prejudice, and grant such other and further relief as this Court may deem just and proper in the circumstances.

Respectfully submitted,

*/s/James E. Dickerman*

James E. Dickerman (Bar No. 10687)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dickerman@ewmd.com
*Attorney for Defendant*

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 13th day of April, 2022, copies the foregoing ANSWER

TO PLAINTIFFS FIRST AMENDED CLASS ACTION COMPLAINT was served electronically

through the Court's ECF system and by first-class mail, postage prepaid, upon:

Peter A. Holland, Esq.
The Holland Law Firm, P.C.
914 Bay Ridge Road, Suite 230
Annapolis, Maryland 21403
peter@hollandlawfirm.com
*Attorneys for Plaintiffs*

James M. Connolly, Esq.
Kramer & Connolly
465 Main Street
Reisterstown, Maryland 21136
jmc@kramerslaw.com

Jeffrey C. Turner, Admitted PHV
David B. Shaver, Admitted PHV
Surdyk, Dowd & Turner Co., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, OH  45458
jturner@sdtlawyers.com
dshaver@sdtlawyers.com
*Attorneys for Defendant Student Loans Solutions, LLC*
*and Williams & Fudge, Inc.*

*/s/ James E. Dickerman*
James E. Dickerman (#10687)