**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

USDC- BALTIMORE
'23 JAN 23 AM10:30

| | |
|---|---|
| YURY SHADRIN, et al, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STUDENT LOAN SOLUTIONS, et al, <br> Defendants. | Case No.: 1:20-cv-03641-RDB |

**ORDER GRANTING PRELIMINARY APPROVAL OF NOTICE, SETTLEMENT
WITH DEFENDANTS AND SETTING A FINAL APPROVAL HEARING AND
OTHER DATES**

Upon consideration of the Plaintiffs' Motion For Preliminary Approval of a Settlement Class, Appointing Plaintiffs as Class Representatives, Appointing Plaintiffs' Counsel as Class Counsel, Approving Notice to the Class and Setting of Final Approval Hearing and Other Dates filed herein (the "Motion"), and the pleadings, motions and memorandums filed in this action, the Court finds that the Motion should be and hereby is **GRANTED**.

The Court has reviewed the requirements under Rule 23 (c)(1), of the Fed. R. Civ. P., and finds that the proposed settlement class meets the requirement for certification under that section. The class is numerous, consisting of approximately 65 members. There are common issues as to whether the Defendants' actions and inactions were in violation of state and federal laws. The Plaintiffs' claims are typical and there is no dispute that they were not treated any differently by the Defendants than other members of the class.

Further, the Court finds that the Plaintiffs and their Counsel will adequately

represent the Settlement Class. Plaintiffs have no interests adverse to the other class members. Therefore, the Court appoints Plaintiffs as Class Representatives.

Similarly, the Court finds their Counsel, Peter A. Holland and Emanwel J. Turnbull, to be adequate as Class Counsel. In appointing Class Counsel, I have considered the factors set forth in Rule 23 (g). These factors include the work Counsel has done in identifying or investigating potential claims in the action, Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, Counsel's knowledge of the applicable law, and the resources Counsel will commit to representing the class, all of which favor appointment of Plaintiffs' Counsel.

Further, the Court finds that certification of a class action for settlement purposes under Rule 23 (c)(1) is an appropriate and superior method to resolve the claims in this action. The claims relate to collection activities and pursuit of individual claims by class members is unlikely. The class action also sets forth common issues of fact that predominate over any other potential issues in this action.

Accordingly, the Court certifies the following class of persons under Rule 23 (c)(1) for settlement purposes only:

> Any person to whom FELDMAN & ASSOCIATES, P.C. sent a letter within 1 year immediately preceding the filing of the Lawsuit that stated directly or indirectly that (a) the recipient owed attorney's fees in cases where FELDMAN & ASSOCIATES, P.C.'s fees were contingent and (b) that if a lawsuit was filed, the court costs would be added to the amount owed by the recipient.

The court certifies the following sub-class of persons for the purposes of settlement only:

> Class Members to whom FELDMAN & ASSOCIATES, P.C. sent letters on behalf of STUDENT LOAN SOLUTIONS, LLC and/or WILLIAMS & FUDGE, INC..

Excluded from the class and sub-class are:

> An employee or independent contractor of Defendants, a relative of an employee or independent contractor of Defendants, an employee of the Court where the Lawsuit is pending, or a person who filed for bankruptcy and received a discharge after the date of the letter from FELDMAN & ASSOCIATES, P.C.

The claims to be addressed by the class are:

> Claims under the Fair Debt Collection Practices Act, the Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act arising from the facts alleged in the Amended Complaint.

The Court further finds that the proposed Settlement of this action as reflected in the Class Action Settlement Agreement and Release (the "Settlement Agreement") is a fair and reasonable compromise of the disputed claims herein given liability is not certain and the relief obtained is substantial.

The Court approves the manner of notice and proposed notice to the class of this Settlement; specifically the Notice of Class Action Settlement (the "Class Notice") provided to the Court by the parties.  The Class Notice shall be printed and mailed to the last known addresses of the class members for which addresses are known no later than February 20, 2023, and it shall contain the following dates and information:

| | |
|---|---|
| **Deadline for election to be excluded:** | **April 28, 2023** |
| **Deadline for objections to be filed:** | **April 28, 2023** |
| **Date and Time of Final Fairness Hearing:** | **May 22, 2023, at 2:30 PM** |

A Final Fairness Hearing concerning this Settlement shall take place on **Monday May 22, 2023, beginning at 2:30pm in Courtroom 5D of this Court**. Plaintiff's Motion for Final Approval of this Settlement, Petition for Class Counsel Compensation, together with affidavits regarding notice and elections shall be filed with

the Court prior to the Final Fairness Hearing.

The Court further approves the Settlement Agreement provided to this Court by the parties. This Order is subject to further consideration based on any objection posed by the Class following the distribution of Notice of the Settlement.


JANUARY 20, 2023
Date

Hon. Richard D. Bennett
SENIOR UNITED STATES DISTRICT JUDGE